**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

**ATLANTA DIVISION**

**CASE NO.:**

WINSTON ELLIOTT,

               Plaintiff,

vs.

KHAN PIZZA LOVEJOY, LLC D/B/A MARCO'S PIZZA
AND MOHAMMAD SHEREEN KHAN.

               Defendants,

_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, WINSTON ELLIOTT ("ELLIOTT" OR "PLAINTIFF"), through counsel, sues Defendants, KHAN PIZZA LOVEJOY, LLC D/B/A MARCO'S PIZZA ("KHAN PIZZA") and MOHAMMAD SHEREEN KHAN, ("MOHAMMAD") (collectively, Defendants) and alleges the following:

1.       This is an action for damages brought under the Fair Labor Standards Act ("FLSA").

2.       Plaintiff resides in this Court's jurisdiction and is a past employee of Defendants.

1

3.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.

4.      The Northern District of Georgia has personal jurisdiction over Defendants because they are doing business in Georgia and in this judicial district.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events giving rise to the claim occurred in this District.

6.      At all times material hereto, Defendant, KHAN PIZZA, was a domestic for limited liability company engaged in the restaurant business, was licensed to transact business in the State of Georgia, conducted business in McDonough, Georgia, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d) and at all times material hereto, engaged, along with its employees, in interstate commerce, and had annual gross sales and/or business volume of $500,000 or more.

7.      In furtherance of his employment, Plaintiff regularly handled goods or materials that traveled through interstate commerce, or used

instrumentalities of interstate commerce, thus providing Plaintiff with the protections of the Fair Labor Standards Act.

8.     At all times material hereto, Defendant, MOHAMMAD SHEREEN KHAN was a resident of McDonough, Georgia and was, and now is, the managing agent, director and/or owner of Defendant, KHAN PIZZA; said Defendant acted and acts directly in the interests of the Defendant, KHAN PIZZA, in relation to said co-Defendant's employees. Defendant effectively dominates KHAN PIZZA administratively or otherwise acts, or has the power to act, on behalf of the limited liability company vis-a-vis its employees and had the authority to direct and control the work of others. Thus, MOHAMMAD SHEREEN KHAN was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

9.     In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and worked for Defendants as a cook at a salary of $300.00 per week.

10.    From on or about October 3, 2016 to on or about February 11, 2017, Plaintiff worked on an average of 91 hours per week with Defendants. Despite the fact that Plaintiff routinely worked more than 40 hours in

a workweek, Defendants deliberately refused to pay Plaintiff both his minimum wage and overtime pay.

11.     Defendants compensated Plaintiff on a salary basis of $300 per week for all hours worked, regardless of the number of hours worked. On average, Defendants compensated Plaintiff $3.30 per hour for all hours worked, well below the statutory $7.25 per hour.

12.     Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13.     Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**(ALL DEFENDANTS)**

14.     Plaintiff reavers and realleges paragraphs 1-13 herein.

15.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

Respectfully submitted,

Goldberg & Loren, P.A.
100 S. Pine Island Road
Suite 132
Plantation, FL 33324
Phone:        (954)585-4878
Facsimile:    (954)585-4886
E-Mail:       JLoren@goldbergloren.com

_____
James M. Loren, Esquire
Ga Bar No.: 551363